IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHEPARD WATSON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv479 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner Shepard Watson, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Factual Background

In 1991, petitioner was convicted of burglary of a habitation in the Criminal District Court of Jefferson County, Texas. He was sentenced to 25 years imprisonment. *The State of Texas v. Shepard Watson*, cause no. 59693.

On October 22, 2001, petitioner was released on mandatory supervision. On December 22, 2004, a pre-revocation warrant was issued for petitioner's arrest. On August 11, 2005, petitioner's release on mandatory supervision was revoked.

On April 29, 2008, petitioner filed a state application for writ of habeas corpus concerning the grounds for review raised in the current petition. The Texas Court of Criminal Appeals denied

the application without written order on June 11, 2008.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) when his release on mandatory supervision was revoked, he did not receive credit towards his sentence for good conduct time credits and work credits he earned during his initial period of incarceration; (b) he should not have been arrested on allegations that he violated the terms of his release on mandatory supervision because he did not sign a contract agreeing to such terms and (c) he has improperly failed to receive credit towards his sentence for the time he was released and the failure to receive such credit exposed him to double jeopardy.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the District Court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision

based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reached a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decided a case differently that the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). An application of clearly established federal law is unreasonable if the state court identified the correct governing legal principle, but unreasonably applied that principle to the facts. *Id.*

## Analysis

*Good Conduct Time and Work Credits*

Petitioner complains that when his release on mandatory supervision was revoked, he did not receive credit toward his sentence for the good conduct time credits and work credits he earned during his initial period of incarceration. He states that as he had a liberty interest in such credits, the failure to restore the credits deprived him of due process of law.

The Constitution does not guarantee an inmate good conduct time credit for satisfactory behavior while in prison. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Wolff v.*

3

*McDonnell*, 418 U.S. 539, 557 (1974)). The award of good conduct time credits is a matter of state law, not a federal constitutional right. *See Holtzinger v. Estelle*, 488 F.2d 517, 518 (5th Cir. 1974). If a state creates a right to good conduct time credits that gives rise to a liberty interest, then a prisoner is entitled to due process of law in relation to the loss or forfeiture of such credits. *See Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). Under Texas law, however, "good-time credit is not a vested right, but rather is a privilege which may be forfeited, either by violating [institutional] rules while in ... custody, or by violating the guidelines of a conditional release program." *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983).

When petitioner committed his underlying offense, Texas law provided, as it does today, that good conduct time credits apply only to eligibility for release on parole or mandatory supervision and do not otherwise affect an inmate's term. TEX. REV. CIV. STAT. ANN. art. 6181-1, § 4 (West 1977); *see* TEX. GOV'T CODE ANN. § 498.003 (West 1992). Texas law provided then, as it does today, that "good conduct time is a privilege and not a right." The statute previously provided:

> Upon revocation of parole or mandatory supervision of an inmate, the inmate loses all good conduct time previously accrued, but upon return to the department the inmate may

4

accrue new good conduct time for subsequent time served in the department. The director may, however, restore good conduct time forfeited upon revocations not involving new criminal convictions after an inmate has served a reasonable period of good behavior in the department, to be no less than three months, subject to rules adopted by the department.

TEX. REV. CIV. STAT. ANN. art. 61810-1, § 4 (West 1985).

In 1987, the Texas legislature added a provision that allowed the Texas Board of Criminal Justice to adjust its policy on restoration of good conduct time credits in relation to prison overcrowding. If the Board determined that overcrowding had decreased and it was not necessary to restore good conduct time or award additional good conduct time, it could direct the department to discontinue those practices. TEX. REV. CIV. STAT. ANN. art. 6181-1, § 4 (West 1988); *see Hallmark v. Johnson*, 118 F.3d 1073, 1075 (5th Cir.), *cert. denied*, 522 U.S. 1003 (1997).

In 1995, the Texas legislature amended the statute regarding the reinstatement of previously earned good conduct time credits. On being returned to incarceration, an inmate could accrue good conduct time credits, but previously earned good conduct time credits forfeited upon the revocation of release on parole or mandatory supervision could no longer be restored. *See* TEX. GOV'T CODE ANN. § 498.004(b) (West 1999). In *Hallmark, supra*, the United States Court of Appeals for the Fifth Circuit stated that as Texas

5

statutes have, since at least 1977, given state correctional authorities discretion as to whether to restore good conduct time credits, there is no protected liberty interest in the restoration of good conduct time credits. *Hallmark*, 118 F.3d at 1079-80 (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979). As a result, the failure to restore petitioner's forfeited good conduct time credits and work credits did not violate petitioner's right to due process.

*Improper Revocation of Release on Mandatory Supervision*

Petitioner states the state had no authority to arrest him for violating the terms of his release on mandatory supervision because he never signed a contract agreeing to be bound by such terms.

Section 508.154 of the Texas Government Code provides, in part, as follows:

> (a) An inmate to be released on parole shall be furnished a contract stating in clear and intelligible language the conditions and rules of parole.
>
> (b) Acceptance, signing and execution of the contract by the inmate to be paroled is a precondition to release on parole.
>
> (c) An inmate released to mandatory supervision shall be furnished a written statement stating in clear and in-telligible language the conditions and rules of mandatory supervision.
> (d) A release while on parole or mandatory supervision must be amendable to the conditions of supervision ordered by a parole panel.

6

This statute clearly differentiates the requirements related to release on parole from those relating to mandatory supervision. An inmate released on parole is required to sign a contract of release. There is no such requirement for a person released on mandatory supervision. As a result, the fact that petitioner did not sign a contract agreeing to be bounds by the terms of his release on mandatory supervision had no effect on the ability of the state to revoke his release at any time it was determined he had violated the terms of his release.

*Credit for Time Spent Released*

Petitioner states that after his release on mandatory supervision was revoked, he was improperly denied credit towards his sentence for the time he spent released.

Section 508.283 of the Texas Government Code grants certain inmates who have their release on parole or mandatory supervision revoked credit for the portion of time they spent released. Section 508.283 provides, in part, as follows:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section

1

508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion or which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

In 1979, petitioner was convicted of robbery in the 252nd District Court of Jefferson County in cause no. 36993. At the time petitioner's release on mandatory supervision was revoked, Section 508.149(a) described persons such as petitioner who had been convicted of robbery. As a result, Section 508.283 did not require that petitioner be given credit towards his sentence for the time he spent released on parole. In addition, in the absence of Section 508.283, a prisoner has no state or federal constitutional right to credit towards his sentence for time spent released. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997). As a result, petitioner is not entitled to credit towards his sentence for time

spent released on mandatory supervision.[1]

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit.  A final judgment denying the petition shall be entered.

**SIGNED** this the **22** day of **September, 2009.**

_____
Thad Heartfield
United States District Judge

---

[1] Petitioner also asserts that the failure to grant him credit towards his sentence for the time he spent released on mandatory supervision improperly subjected him to double jeopardy.  However, requiring a petitioner to serve the entire remaining portion of his sentence after a revocation does not violate the Double Jeopardy Clause of the Constitution.  *Morrison v. Johnson*, 106 F.3d 127 (5th Cir. 1997).